UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NEVILLE TAYLOR,

                    Plaintiff,                  **MEMORANDUM & ORDER**
                                                        15-CV-01950 (PKC) (RER)
       - against -

MANHEIM MARKETING INC., d/b/a/
MANHEIM NY METRO SKYLINE,

                    Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Neville Taylor ("Plaintiff") brings this action against Defendant Manheim Marketing Inc., d/b/a Manheim NY Metro Skyline ("Manheim" or "Defendant"), seeking damages for injuries suffered from a slip-and-fall on Defendant's premises. Defendant now moves for summary judgment, contending that Plaintiff has failed to put forward sufficient evidence to make a prima facie case of negligence. Specifically, the issue is whether the record contains evidence that Defendant created the condition that allegedly caused Plaintiff's fall or, in the alternative, had actual or constructive notice of the condition. Because the record is devoid of evidence that Defendant created, or had actual or constructive notice of, the condition, and for the additional reasons stated below, Defendant's motion for summary judgment is granted.

## BACKGROUND

### I. Relevant Facts[1]

On January 31, 2013, Plaintiff slipped on a gravel parking lot at Defendant's automobile auction facility at 100 Highway 46, Fairfield, New Jersey. (Complaint, Dkt. 1 at ¶ 85-88.)

---

[1] The Court cites to "Def. 56.1," Defendant's Statement of Material Facts (Dkt. 41-1), dated July 31, 2017, for facts where there is no dispute between the parties.

Plaintiff worked as a locksmith for Dent Wizard Acquisition Corporation ("Dent Wizard"). (Def. 56.1, Dkt. 41-1 at ¶ 9.) As part of Plaintiff's job, he worked part-time at Defendant's 48-acre property, replacing and repairing locks on automobiles in Dent Wizard's inventory. (*Id.* at ¶ 9-10, 34.) On the day in question, a Manheim mechanic called Plaintiff and asked him to work on a Volvo XC90 SUV in the back lot, a parking area that was covered in gravel. (*Id.* at ¶ 10.) Plaintiff, who had already been working for approximately six or seven hours on vehicles on Defendant's property (Dep. of Neville Taylor ("Taylor Dep."), Dkt. 41-10, at 56:3-56:11), parked his Ford E350 box truck alongside the Volvo. (Def. 56.1, at ¶ 9-10.) Plaintiff was wearing a heavy jacket, a T-shirt, jeans, and rubber-soled snowshoes. (Taylor Dep., at 56:8-57:8.) Plaintiff exited the side door of his truck. He stepped onto the ground with his right foot and immediately "slipped and fell backwards." (*Id.* at ¶ 17.) At the time, Plaintiff thought he had slipped on "ice" and that the parking lot ground was "frozen." (*Id.* at ¶ 18.) Plaintiff did not recall seeing any snow or puddles on the ground on the day of his accident. (*Id.* at ¶ 14-15.) The accident occurred between 1:00 and 2:00 p.m. (Taylor Dep., at 61:19-61:23.) Plaintiff was the sole witness to his accident. Plaintiff notified Defendant of the accident through his lawyer in July 2013. (Def. 56.1, at ¶ 39.)

II.     **Parties' Arguments on Summary Judgment**

Although Plaintiff initially believed that he slipped and fell on ice, he has since introduced an alternative explanation. Plaintiff submits that it is also possible that he slipped on a "bare spot" in the gravel parking area that was slick from car oil. (Pl. Opp'n Mot., Dkt. 42-2 at 9-10.) Plaintiff argues that under either scenario, Defendant was negligent in maintaining the back lot where the accident occurred. (*Id.* at 14) ("[W]hether Plaintiff fell on ice or on a lot that appeared to be covered with ice but was smooth due to lack of gravel, and very hard due to the temperatures is irrelevant.") In support of this position, Plaintiff cites deposition testimony from Dale Miller, the operations manager at Manheim, that Defendant did not have a "general procedure" to maintain the 48-acre lot

2

and did not use outside contractors to clear the grounds, instead relying on a group of five to seven employees for its upkeep. (Pl. Opp'n Mot., at 5.) Plaintiff notes that Miller used his discretion to order snow removal and only designated two Manheim employees to salt the property after a snowstorm. (*Id.* at 5-6). Plaintiff argues that Defendant's response to inclement weather was inadequate and that Defendant "failed to maintain the gravel lot in a reasonably safe condition at all." (*Id.* at 15).

Plaintiff hired expert Harold Krongelb[2] to opine on the conditions of the parking lot where Plaintiff fell. Krongelb stated that the proximate cause of Plaintiff's accident was the failure of Manheim to replace the gravel on a regular basis. (Krongelb Exp. Rep., at 8.) Krongelb stated that Plaintiff "thought he slipped on ice based on the way he slipped. Based on the available weather information, the ground was damp, but probably not icy." (*Id.* at 7.) He also stated that Defendant's snow-clearing plows and the cars in the lot could have dispersed gravel and created bare spots. The parked cars could have also leaked oil-based fluids. Krongelb concluded that the damp weather, combined with oil from the cars, could make the lot slippery, which, in Krongelb's opinion, was the condition that led to Plaintiff's fall. (*Id.* at 8.)

Defendant argues that it was not negligent in maintaining the parking lot where Plaintiff fell. Defendant hired expert George Wright[3] to explain that it was impossible for Plaintiff to have

---

[2] Plaintiff proffers Harold Krongelb as an expert. He is a licensed professional engineer who holds a Bachelor of Science degree from Rensselaer Polytech Institute and is a member of the National Society of Professional Engineers, New York Society Professional Engineers, American Society of Civil Engineers, Institute of Electronic and Electrical Engineers, and the Society of Automotive Engineers. (Krongelb Expert Report, Dkt. 41-13 at 1, 4-5).

[3] Defendant proffers George Wright as an expert. He holds an MS Degree in Meteorology from Rutgers University, has taught meteorology at Rutgers, is an AMS Certified Consulting Meteorologist, and has been a professional Consulting Meteorologist for his own business, Wright Weather Consulting, since 1998. (Wright Expert Report, Dkt. 41-12 at 14-20).

3

slipped on ice, considering the weather conditions. Wright stated that the weather data showed little precipitation leading up to the date of the accident and that temperatures remained above freezing from 5:00 p.m. on January 28, 2013 through the time of the accident, January 31, 2013 at 1:00 – 2:00 p.m. – a total of 68 consecutive hours. (Def. Mot. S.J., Dkt. 41, at 9.) The temperature reached a high of 54 degrees on January 29, 66 degrees on January 30, and 60 degrees on January 31. Wright noted that at the time of the accident, it was approximately 44 degrees. (*Id.*) Defendant further explained that it had taken reasonable measures to keep the lot clear and had a "snow team" to deal with clean-up after snowstorms. The snow team used a variety of equipment to clear snow and would spread salt to deal with ice. (Dep. of Dale Miller ("Miller Dep."), Dkt. 41-11, at 29:8-30:14.) According to Defendant, the gravel in the back lot received snow-and-ice maintenance "like any other part of the property." (*Id.* at 65:4-65:10.)

### III. Procedural History

On January 15, 2015, Plaintiff filed a complaint alleging negligence by Manheim in New York State Supreme Court, Queens County. (Dkt. 1.) Defendant timely removed the case to the Eastern District of New York based on diversity jurisdiction. (Dkt. 1.) Defendant then filed an answer to the complaint in this Court. (Dkt. 4.) Plaintiff filed an Amended Complaint on September 4, 2015. (Dkt. 19.) Defendant filed an answer to the amended complaint on September 11, 2015. (Dkt. 20.) Defendant moved for summary judgment on May 24, 2017. (Dkt. 41.) Plaintiff filed its opposition to Defendant's motion on July 14, 2017. (Dkt. 42.)

**SUMMARY JUDGMENT STANDARD**

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013) (quoting *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)); *see also* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "Material" facts are facts that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613, F.3d 336, 340 (2d Cir. 2010) (citing *Celotex Corp.*, 477 U.S. at 322). Once a defendant has met his initial burden, the plaintiff must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). In determining whether there are genuine disputes of material fact, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citation and internal quotation marks omitted).

The Court's inquiry upon summary judgment is "determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (alterations in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## DISCUSSION

### IV. Prima Facie Negligence Claim

To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate "(1) the existence of a duty on defendant's part as to plaintiff, (2) a breach of this duty, and (3) injury to the plaintiff as a result thereof." *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014) (quotations omitted). In order to show breach of a duty

5

of care in a slip-and-fall case, the plaintiff must demonstrate, *inter alia*, a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition. *Feis v. United States*, 484 Fed.Appx. 625, 628 (2d Cir. 2012) (citing *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 619 N.Y.S.2d 760, 761 (1994)); *see also Gordon v. Am. Museum of Natural History*, 501 N.Y.S.2d 646, 646 (1986) (addressing "actual or constructive notice of the dangerous condition" theory of liability in a slip and fall).[4] A defendant can only be held liable if it failed to show reasonable care to remedy a dangerous or defective condition after it obtained such notice. *Gordon*, 501 N.Y.S.2d at 647.

### A. Creation of a Dangerous Condition

To establish that a defendant created a dangerous condition or defect, a plaintiff must point to "some affirmative act" on the part of the defendant. *Feder v. Target Stores*, 15 F. Supp. 3d 253, 256 (E.D.N.Y. 2014) (citation omitted). Here, Plaintiff claims that Defendant created a dangerous condition of either an icy patch or an oil-slick "bare spot." As Plaintiff correctly notes (Pl. Opp'n Mot., at 14), the Court need not determine if there is a genuine factual dispute as to which alleged condition existed. This is because there simply is not enough evidence in the record to show that Defendant *created* either condition. *See Stepton-Howard v. Rite Aid Corporation*, 16-cv-1352 (SJF)(AYS), 2017 WL 3017191 at *3 (E.D.N.Y. June 13, 2017) ("Evidence that a defendant

---

[4] The federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law on a slip-and-fall action. *See, e.g., Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 Fed.Appx. 11, 12-13 (2d Cir. 2008); *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *4-5 (S.D.N.Y. Jan. 15, 2016). "Under New York law, [a] defendant who moves for summary judgment in a [sl]ip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it." *Vasquez*, 2016 WL 315879, at *4 (citation omitted). Conversely, under federal law, the moving party "need not make any affirmative prima facie showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (citation omitted).

merely *permitted* a dangerous condition to exist is insufficient to demonstrate that the defendant *created* a hazardous condition." (emphasis added)). Defendant's lack of "general procedure[s]" for snow removal and reliance on in-house employees for lot maintenance (Pl. Opp'n Mot. at 5) do not constitute "affirmative act[s]" that can support a finding that Defendant created either of the alleged dangerous conditions. *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) (plaintiff submitted no evidence of an affirmative act showing "that [defendant] created the allegedly dangerous condition … that caused [plaintiff's] injury."). Thus, even assuming that the evidence is sufficient to show that Defendant "permitted" its property to become slick with unplowed snow or potential oil leaks from cars on the lot, this would not be enough to show that Defendant actually created the hazardous condition. Plaintiff, therefore, has failed to put forth sufficient evidence from which a jury could find that Defendant created the dangerous condition that allegedly caused Plaintiff's injury.

      **B.**      **Actual Notice of the Dangerous Condition**

Absent a showing that the defendant created the dangerous condition, the plaintiff must demonstrate either actual or constructive notice of the condition as an element of a prima facie negligence claim. "A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall." *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335 (JMA), 2009 WL 1955555, at *7 (E.D.N.Y. July 6, 2009) (citing *Torri v. Big v. of Kingston*, Inc., 537 N.Y.S.2d 629, 630-31 (3d Dep't 1989)); *see also Nussbaum v. Metro-N. Commuter R.R.*, 603 Fed.Appx. 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.").

Here, Plaintiff offers little evidence that Defendant created or was aware of the dangerous condition. As stated above, Defendant did not create the dangerous condition. Plaintiff emphasizes

Miller's statements that "there *could have been*" more than one instance in which someone had slipped on ice on the property before Plaintiff's accident. (Miller Dep., at 71:7-72:11 (emphasis added).) Plaintiff further states that he had previously complained to other Manheim employees about the uneven condition of the terrain. (Taylor Dep., at 81:11-81:23.) But neither Miller's speculation about other prior slips nor Plaintiff's general complaints to Manheim about unevenness indicate that Defendant was aware of the specific condition that allegedly caused Plaintiff's fall, *i.e.*, the icy patch or the oil-slick bare spot. There is no evidence of cars leaking oil and creating slippery spots in the parking lot. There is similarly no evidence of past slip-and-falls in the area where Plaintiff fell, or anywhere else on Defendant's 48-acre property for that matter. *See Strass v. Costco Wholesale Corp.*, No. 14-cv-06924 (PKC) (VMS), 2016 WL 3448578, at *4 (E.D.N.Y. June 17, 2016) ("Aside from conclusory references to 'actual notice,' Plaintiffs do not identify any evidence that would support a finding that [Defendant] was, in fact, aware of the condition that allegedly caused [Plaintiff's] fall, and the Court's review of the record reveals none."). Accordingly, no jury could find that Defendant had actual knowledge or notice of the alleged dangerous condition.

### C. Constructive Notice of the Dangerous Condition

"To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon*, 501 N.Y.S.2d at 647. In a slip-and-fall case, "[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Castellanos v. Target Dep't Stores, Inc.*, No. 12–cv–2775, 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (citation omitted). Rather, there must be evidence in the record establishing "either how the substance got there or how long it was there before the fall." *Shimunov v. Home Depot U.S.A, Inc.*, No. 11-cv-5136, 2014 WL 1311561, at *5 (E.D.N.Y. Mar. 28, 2014) (citation omitted). A "general awareness"

of the allegedly hazardous condition is insufficient. *DeAngelis v. Am. Airlines, Inc.*, 06-cv-1967, 2010 WL 1292349, at *6 (E.D.N.Y. Mar. 31, 2010).

Here, there is no evidence regarding the creation of the icy patch or oil-slick bare spot alleged by Plaintiff. It therefore cannot be determined how long the condition existed prior to the time of the accident and thus whether Defendant, in the exercise of due care, should have known of, and corrected, the condition. *See Hammond–Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992) (granting summary judgment to defendant where "plaintiff [did] not know how long the substance on which she allegedly slipped had been on the sidewalk prior to her fall"); *Kane v. Human Services Center, Inc.*, 588 N.Y.S.2d 361, 362 (2d Dep't 1992) (reversing denial of summary judgment in part because "[t]he mere existence of the puddle on the floor is insufficient to impute notice to the defendant, and there is no evidence that the liquid was present on the hallway floor for such a period of time as to give rise to constructive notice"). In fact, Plaintiff states in his deposition that he did not know how long the alleged "patch of ice" —which he later theorized could have been an oil-slick "bare spot"—was there before his fall. (Def. 56.1, at ¶ 21-22.) Thus, given the absence of any of the telltale signs supporting an inference of a longstanding condition, summary judgment in Defendant's favor is appropriate. *See Gonzalez v. Jenel Mgmt. Corp.*, 784 N.Y.S.2d 135, 136 (2004) (affirming summary judgment for defendants where "plaintiffs failed to provide evidence as to how long the puddle had been on the step, thereby making it pure speculation that the defendants had sufficient time to remedy the situation"). Indeed, Plaintiff's failure to offer evidence as to the length of time the substance was on the sidewalk is fatal to Defendant's claim of constructive notice.

Moreover, Plaintiff does not raise an issue of material fact with regard to constructive notice by asserting, without support, that Defendant should have known about the effect of parked cars leaking oil in the gravel lots. Statements establishing only a "general awareness" of a potential

dangerous condition do not rise to the level of a recurrent dangerous condition sufficient to place a defendant on constructive notice. *See Goodman v. United States*, 916 F.Supp.362, 366 (S.D.N.Y.1996) (granting summary judgment to defendant because the testimony of recurrent condition was "too vague"). Here, the record establishes, at most, that Defendant had a "general awareness" that the large number of cars on its premises could impact the condition of the gravel lots. Without more, this evidence is legally insufficient to support a finding that Defendant had constructive notice of the hazard that caused Plaintiff's fall. *Piacquadio v. Recine Realty Corp.*, 622 N.Y.S.2d 493, 494 (1994) ("a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall") (citation omitted).

\* \* \*

In sum, there is no evidence upon which a jury could reasonably conclude that Defendant created the dangerous condition that allegedly caused Plaintiff's injury, or that Defendant had actual or constructive knowledge of the alleged dangerous condition. Plaintiff's failure to offer such evidence requires dismissal of his negligence claim.

## **CONCLUSION**

For the reasons stated above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment for Defendant and terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 30, 2017
    Brooklyn, New York