UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NEVILLE TAYLOR,

                    Plaintiff,                **MEMORANDUM & ORDER**
                                                          15-CV-01950 (PKC) (RER)

       - against -

MANHEIM MARKETING INC., d/b/a/
MANHEIM NY METRO SKYLINE,

                    Defendant.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Neville Taylor ("Plaintiff") filed this action on December 13, 2017, seeking reconsideration of the Court's November 30, 2017 Order granting Defendant's motion for summary judgment. (Dkt. 47.) For the reasons stated herein, Plaintiff's motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case. In 2015, Plaintiff filed this action seeking damages for injuries allegedly suffered from a slip-and-fall on Defendant's premises. (Dkt. 1.) On July 31, 2017, Defendant moved for summary judgment. (Dkt. 41.) On November 30, 2017, the Court granted Defendant's motion. (Dkt. 47.) On December 13, 2017, Plaintiff filed his motion for reconsideration. (Dkt. 50, at 4.) The dispositive issue with respect to summary judgment was whether the record contains evidence that Defendant created the condition that allegedly caused Plaintiff's fall or, in the alternative, had actual or constructive notice of the condition. Defendant opposed Plaintiff's reconsideration motion on December 27, 2017. (Dkt. 51.)

## STANDARD OF REVIEW

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted); *see also Hernandez v. Doe*, 16-CV-2375 (KAM)(LB), 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *SBC 2010–1, LLC v. Morton*, Nos. 13–714, 13–1161, 2013 WL 6642410, at *1 (2d Cir. Dec. 18, 2013) (citation omitted). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

## JURISDICTON

Although Plaintiff filed both a Notice of Appeal on December 7, 2017 and a motion for reconsideration of the summary judgment motion on December 13, 2017 (Dkts. 49, 50), this Court has the "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982). While Plaintiff does not label it as such, the Court construes Plaintiff's filing as a motion to "alter or amend a judgment" under Fed. R. Civ. P. 59(e) and finds that it is timely since it was "filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## DISCUSSION

In his motion for reconsideration, Plaintiff argues that the Court did not address his contention that constructive knowledge of the hazardous condition at issue can be attributed to Defendant based on its failure to perform reasonable inspections and to reasonably maintain its property. (Pl. Mot. Recon., Dkt. 50, at 4.) This argument is incorrect for two reasons.

First, the Court considered the very same arguments that Plaintiff re-asserts in his motion for reconsideration in finding the evidence insufficient, as a matter of law, to show Defendant's knowledge or constructive knowledge of the hazardous condition. *Analytical Surveys*, 684 F.3d at 52 (motion for reconsideration is not a vehicle for "taking a 'second bite at the apple'"). Indeed, as the Court previously explained in its summary judgment decision, in a slip-and-fall case such as this one, the Court applies New York law to the substantive claims and federal law to the procedural issues, *i.e.*, standards governing a motion for summary judgment. *Vasquez v. United States*, 14-CV-1510 (DF), 2016 WL 315879, at *4-5 (S.D.N.Y. Jan. 15, 2016). "To make out a prima facie case of negligence in a slip and fall case under New York law, a plaintiff must demonstrate that defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act." *Feis v. United States*, 394 F. App'x 797, 798 (2d Cir. 2010) (internal quotation marks and citation omitted). Property owners have a duty to maintain their premises in a reasonably safe condition, which includes conducting reasonable inspections. *See Tuthill v. United States*, 270 F. Supp. 2d 395, 400-401 (S.D.N.Y. 2003) (finding a genuine issue of fact as to whether the defendant's inspections of snow and ice in parking lot were unreasonable) (citation omitted). However, a defendant is not expected to continually patrol its premises "24 hours a day," even where a problem is recurring. *Pfeuffer v. New York City Housing Auth.*, 93 A.D.3d 470, 940 N.Y.S.2d 566, 569 (1st Dep't 2012) (holding that summary judgment should have been granted in favor of defendant where the record reflected that it addressed accumulation of debris and liquids

3

in stairwell "by cleaning up garbage and spills daily and inspecting the stairs twice a day"). Rather, the duty to inspect is dependent on the circumstances. *Id.*

A plaintiff can prove constructive notice by offering evidence that would permit a reasonable jury to conclude that the defendant should have known of the hazardous condition and taken steps to remedy it. *Young v. Morrison Management Specialists, Inc.*, No 14-CV-4261 (RER), 2017 WL 435783, at *4 (E.D.N.Y. Feb. 1, 2017). A plaintiff can also prove constructive notice by showing that the defendant had a duty to conduct reasonable inspections, but failed to do so. *Id.* To prevail on a failure to inspect theory, a plaintiff must still demonstrate not only that the defendant breached its duty to inspect, but that a reasonable inspection would have prevented the injury. *See Lacey v. Target Corp.*, 13-CV-4098 (RML), 2015 WL 2254968, at *6 (E.D.N.Y. May 13, 2015) ("[A]ssuming a reasonable inspection had not taken place, plaintiff has not shown that a reasonable inspection would have discovered the condition.... [Defendant] has met its burden of showing the absence of a genuine issue of material fact on this issue."). Thus, based on the standards the Court applied in its summary judgment decision, in order for a slip-and-fall claim to survive summary judgment, there must be sufficient evidence from which a jury could find that the hazardous or defective condition existed long enough for the defendant to have detected it through reasonable inspection efforts.

Here, the Court granted summary judgment because Plaintiff failed to demonstrate that "defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act." *Feis*, 394 F. App'x at 798. The evidence in the record shows that Defendant's employees regularly responded to snowy conditions by working in teams. (Def.'s Rule 56.1 Stmt., Dkt. 41-1, at ¶ 36.) Property Manager Dale Miller testified that even though there were no general or written procedures regarding maintenance of

snow and ice removal, Defendant's employees would use a variety of equipment to clear snow and they would spread salt to deal with ice. (*Id.*) Five to seven employees were responsible for snow and ice removal, which would be a priority over their regular duties. The employees used "common sense" when it came to snow removal. (*Id.*) The gravel lot where Plaintiff fell received snow-and-ice maintenance "like any other part of the property." (*Id.* at ¶ 37.) The Court previously found that Plaintiff would not be able to prove at trial that Defendant had not reasonably inspected or maintained its property.

Second, even if Plaintiff could prove that Defendant's inspections and general maintenance of its property were unreasonable, Plaintiff still could not prevail on his negligence claim because the evidence is insufficient to show that the allegedly hazardous condition—the patch of ice or patch of oil—existed long enough for Defendant to have become aware of it through the exercise of reasonable diligence. Plaintiff cannot establish the length of time that the condition was there to be discovered, or even that the condition existed in the first place. *Morrison*, 2017 WL 435783 at *5 ("Even accepting [Plaintiff's] argument regarding [Defendant's] duty to conduct reasonable inspections, absent evidence tending to show that improved inspections would have prevented the accident, this dispute of fact, though material, is hardly genuine.") Without evidence regarding the source of the hazard, there can be no dispute of material fact as to whether Plaintiff's employees created or knew about the hazardous condition, let alone acted to prevent the accident. *See Lacey*, 2015 WL 2254968, at *5–6 (indicating that a property owner owing a duty to inspect is charged with constructive notice of a dangerous condition that would have been discovered by reasonable inspection). Because Plaintiff proffers no evidence that improved inspections could have prevented the accident, he has failed to present any evidence from which a reasonable jury could find in his favor.

Plaintiff also argues that the Court misconstrued the federal burden of proof and New York substantive law as it applies to claims of property-related negligence such as this one. Here too Plaintiff fails to point to any law or fact that the Court overlooked in its initial decision. Indeed, as stated in the Court's summary judgment order (Dkt. 47), the federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law on a slip-and-fall action. *See, e.g., Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 Fed. App'x 11, 12-13 (2d Cir. 2008); *Vasquez*, 2016 WL 315879 at *4-5. "Under New York law, [a] defendant who moves for summary judgment in a [sl]ip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it." *Vasquez*, 2016 WL 315879, at *4 (citation omitted). Conversely, under federal law, the moving party "need not make any affirmative prima facie showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (citation omitted). Thus, as the Court previously held, the grant of summary judgment in Defendant's favor is warranted because it demonstrated the absence of evidence to support an essential element of Plaintiff's claim, *i.e.*, knowledge or constructive knowledge of the hazardous condition. (S.J. Order, Dkt. 47, at 10) ("there is no evidence upon which a jury could reasonably conclude that Defendant created the dangerous condition that allegedly caused Plaintiff's injury, or that Defendant had actual or constructive knowledge of the alleged dangerous condition.").

In short, Plaintiff fails to raise any law or facts that the Court did not consider in reaching its initial decision. Furthermore, Plaintiff has neither asserted nor demonstrated an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Natl. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

1992). Rather, Plaintiff's motion "is nothing more than a rehash of the arguments previously raised." *Image Processing Techs., LLC v. Canon Inc.*, 10-CV-3867 (SJF) (ETB), 2012 WL 253097, at *2 (E.D.N.Y. Jan. 26, 2012). Thus, Plaintiff has failed to identify a ground upon which the Court should reconsider its summary judgment decision.

## CONCLUSION

Because Plaintiff has not satisfied the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), his motion for reconsideration of the Court's grant of summary judgment for Defendant is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 29, 2018
 Brooklyn, New York